# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-50343
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IGNACIO GALLEGOS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-1058-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Ignacio Gallegos appeals the concurrent 120-month and 240-month sentences he received for receipt and distribution of child pornography and possession of child pornography.  We review preserved arguments that a sentence is substantively reasonable "under an abuse of discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50343

First, Gallegos argues the total 240-month sentence is greater than necessary because U.S.S.G. § 2G2.2 lacks an empirical basis and produced too high a guidelines range in his case due to its inclusions of enhancements that are almost inherent to the nature of child pornography offenses.  Our opinion in *United States v. Miller*, 665 F.3d 114, 120-23 (5th Cir. 2011), forecloses these arguments.  *See United States v. Duke*, 788 F.3d 392, 397-98 (5th Cir. 2015) (recognizing that *Miller* forecloses the issue whether § 2G2.2 produces unreasonable sentences because it lacks an empirical basis).

Second, Gallegos argues that the sentence is substantively unreasonable because it treats him like a lost cause and does not reflect the mitigating factors he urged, such as his having lived a relatively isolated life, his dedication to his immediate family, and his having his family's support.  However, the district court considered Gallegos's mitigating evidence and determined that a total 240-month term of incarceration was fair and reasonable after considering the § 3553(a) factors, the circumstances of the case, and Gallegos's particular circumstances.  Gallegos has not demonstrated that the district court abused its discretion in weighing or balancing the § 3553(a) factors.  *See Duke*, 788 F.3d at 398.

AFFIRMED.